E-FILED
Monday, 03 April, 2017 01:14:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOVAN MIGUEL BATTLE,<br>    Plaintiff, | )<br>)<br>)    Case No. 17-4028<br>) |
| NURSE GARZA, et. al.,<br>    Defendants. | )<br>) |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, says his constitutional rights were violated by seven Defendants including Nurse Garza, Nurse Neal, Nurse Jill, Nurse Gargert, Warden Christine Brannon, Healthcare Administrator Tina Jepson and East Moline Correctional Center. The Court notes Plaintiff cannot sue a correctional center pursuant to §1983. *See Pope v Racine Correctional Inst.*, 2012 WL 4470214 at 2 (Sept. 27, 2012) (correctional center is not a proper defendant). Nonetheless, Plaintiff says the remaining Defendants were deliberately indifferent to his serious medical condition.

> Deliberately to ignore a request for medical assistance has long been held
> to be a form of cruel and unusual punishment ... but this is provided that the
> illness or injury for which assistance is sought is sufficiently serious or painful

1

to make the refusal of assistance uncivilized.... A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution. *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997) *quoting Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).

Plaintiff says the Defendants refused to provide medical care for the bottom of his feet which are cracked and peeling.  Plaintiff says the Defendants should have provided him with Vaseline or lotion because he can not afford to buy it in the commissary.   he Trust Fund Ledger provided to the Court indicates the Plaintiff did have some money available to him during the relevant time period. [5]

More important, based on Plaintiff's allegations, he has alleged nothing more than a foot fungus, and "every court to have considered the question has held that a foot fungus (that is, athlete's foot) does not satisfy the objective component of an Eighth Amendment deliberate indifference claim." *Gray v. Ghosh*, 2013 WL 5497250, at *1–3 (N.D.Ill. Oct. 3, 2013)(listing cases); *see also Tsakonas v. Cicchi,* 308 Fed.Appx. 628, 632 (3rd Cir.2009) (holding that "eczema of the feet [and] athlete's foot" are not objectively serious under the Eighth Amendment); *Roberts v. Dawalibi*, 2017 WL 926772, at *5 (N.D.Ill. March 8, 2017)("garden-variety athlete's foot—even if it is accompanied by chronic itching, dry and peeling skin, and discomfort—does not rise to the level of a serious medical need."); *Smith v. Schwartz,* 2011 WL 2115831, *3 (S.D.Ill. May 26, 2011) ("Smith's allegations that he suffered chronic itching, athlete's foot, chafing, peeling skin, and a painful, infected rash on his buttocks due to an inability to shower and clean his cell while Pinckneyville was locked down do not show a serious medical

condition.") ; *Walker v. Dart,* 2010 WL 669448, *4 (N.D.Ill. Feb. 19, 2010)("Although uncomfortable, a foot fungus, or athlete's foot, is not a serious medical need or injury."); *Cox v. Hartshorn,* 503 F.Supp.2d 1078, 1085 (C.D.Ill.2007) (holding that "[a] fungal foot rash" is not an objectively serious medical condition); *Rush v. Schrubbe,* 2007 WL 2686843, at *2 (E.D.Wis. Sept. 11, 2007)("athlete's foot itself does not generally amount to an objectively serious medical condition"); *Sanders v. Allen Cnty. Jail,* 2006 WL 2578977, at *2 (N.D. Ind. Sept. 6, 2006) ("Athlete's foot, another fungal infection for which there is a substantial risk at communal showers, is not a serious harm."); *Rogers v. Allen Cnty. Jail,* 2006 WL 1441092, *2 (N.D.Ind. May 25, 2006) (holding that "athlete's foot" does not "constitute a serious medical need"); *Landfair v. Sheahan,* 878 F.Supp. 1106, 1112 (N.D.Ill.1995) ( While no doubt uncomfortable, athlete's foot cannot be considered an injury serious enough to satisfy the objective component of [an Eighth Amendment deliberate indifference claim]."); *see also Perez v. Hardy*, 2015 WL 5081355, at *7 (N.D. Ill. Aug. 27, 2015) (collecting cases); *Hutcherson v. Moore*, 2013 WL 5165740, at *4 (N.D. Ill, Sept. 13, 2013) (collecting cases).   Therefore, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and will access a strike pursuant to 28 U.S.C. § 1915(g).

Plaintiff has filed approximately 19 cases in the Central and Northern Districts of Illinois.  Plaintiff now has at least two strikes pursuant to §1915(g).  Plaintiff is reminded if he accumulates three strikes, he will not be eligible to proceed in forma pauperis unless he can demonstrate he is in imminent danger of serious physical injury. *See* 28

U.S.C. § 1915(g).  In addition, Plaintiff may acknowledge each strike he has received in any future litigation concerning prison conditions.

Finally, even if the Plaintiff had identified a serious medical condition, Plaintiff states he was denied care on December 15, 2016 and January 9, 2017, but he chose to file his complaint on January 30, 2017.  Plaintiff could not have exhausted his administrative remedies as required during this time frame.  *See* 42 U.S.C. §1997e(a).  In addition, Plaintiff admits he failed to complete the grievance procedure in his complaint when he states "I am now waiting for the response from the Administrative Review Board." (Comp, p. 5).

IT IS THEREFORE ORDERED that:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed. All pending motions are denied as moot. [6, counsel]

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 3rd day of April, 2017.

                    s/ James E. Shadid
        _____
                    JAMES E. SHADID
              UNITED STATES DISTRICT JUDGE